UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 14-9167 DSF (JEMx) | Date | 1/30/15 |
| Title | Joe Martinez v. Cach, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Dkt. No. 16)

Plaintiff has moved to remand this case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 9, 2015 is removed from the Court's calendar.

Defendants have not shown by the preponderance of the evidence that the amount in controversy exceeds $5,000,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014) ("If the plaintiff contests the defendant's allegation, . . . [removal] is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.") (internal quotations marks and brackets omitted). To support their claim that the amount in controversy exceeds $5,000,000, Defendants offer a single declaration from Jonathan Smith, Vice President of Defendant Synchrony Bank. Smith contends that (1) he has "access to the business records relating to CareCredit accounts, including, in particular, aggregate financial information relating to the total credit extended and used, and the total amount of payments made by borrowers, in connection with such accounts"; and that (2) "[b]ased on a review of Synchrony's records, [he] has determined that during the [Class period], the total credit used by consumers located in California who opened CareCredit accounts exceeds $5,000,000 . . . [and] the total payments made by those consumers during the same period also exceeds $5,000,000." (Declaration of Jonathan Smith (Smith Decl.) ¶¶ 2, 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

Smith's statements are insufficient to establish, by the preponderance of the evidence, that the amount in controversy exceeds $5,000,000.  Even assuming that Smith's conclusions would otherwise constitute competent evidence, the calculations are not relevant to the amount in controversy.  Plaintiff's claims are limited to a class of individuals "who opened a credit account . . . arranged or established by the consumers' *dentists*."  (Compl. ¶ 27(a) (emphasis added).)  Smith's calculations, in contrast, appear premised on all CareCredit accounts, dental or otherwise.  (Smith Decl. ¶ 1 (explaining that CareCredit accounts provide "financing to consumers for elective healthcare procedures or services, such as dental, veterinary, cosmetic, vision and audiology.").)  Because Smith's declaration provides the Court with no reason to believe that his amount in controversy calculations are based solely on CareCredit dental accounts, the only accounts relevant to this action, the calculations are insufficient to support subject matter jurisdiction.

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.